

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
John Whitfield,

                                      Plaintiff,

v.

James F. Imperatrice, Chief Clerk,
Edward J. Volpe, Chief Clerk,
Ellen Neri, Principal Court Reporter
Barbara Zahler-Gringer, Counsel of
Administration and Operations,
Sherrill Spatz, Inspector General,
Civil Correspondence Unit, Criminal
Correspondence Unit, any and all John
and Jane Does,
                                  Defendants.
-----------------------------------------------------------------X

VERIFIED COMPLAINT
Under the Civil Rights Act,
42 U.S.C § 1983

Jury Trial Demanded

Civil Action No:

## I. Complaint

Plaintiff, John Whitfield, pro se, for his complaint state as follows:

## II. Parties, Jurisdiction and Venue

1. Plaintiff John Whitfield is confined in a state correctional institution, located at 99 Prison Road, P.O. Box 1000, in the City of Woodbourne in the State of New York 12788-1000.

2. Plaintiff John Whitfield is, and was at all times mentioned herein, an adult citizen of the Unites States and a resident of the State of New York.

3. Defendant James F. Imperatrice was at all relevant times herein the Chief Clerk of the Kings County Supreme Court Criminal Term. Defendant Imperatrice's current employment address is 320 Jay Street, Brooklyn, NY 11201.

4. Defendant Edward J. Volpe was at all relevant times herein the Chief Clerk of the Kings County Supreme Court Civil Term. Defendant Volpe's current employment address is 360 Adams Street, Brooklyn, NY 11201.

5. Defendant Ellen Neri was at all relevant times herein the Principle Court Reporter of the Kings County Supreme Court. Defendant Neri's's current employment address is 360 Adams, Brooklyn, NY 11201.

6. Defendant Barbara Zahler-Gringer was at all relevant times herein the Counsel for Administration and Operations of the Office of Court Administration. Defendant Zahler-Gringer's current employment address is 25 Beaver Street, New York, NY 10004.

7. Defendant Sherrill Spatz was at all relevant times herein the Inspector General of the Office of Court Administration. Defendant Zahler-Gringer's current employment address is 25 Beaver Street, New York, NY 10004.

8. John/Jane Doe defendants of the Kings County Supreme Court Criminal Term Correspondence Unit. The current address of John/Jane Doe defendant's is 320 Jay Street, Brooklyn, NY 11201.

9. John/Jane Doe defendants of the Kings County Supreme Court Civil Term Correspondence Unit. The current address of John/Jane Doe defendant's is 360 Adams Street, Brooklyn, NY 11201.

10. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

11. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

12. This cause of action arose in the Eastern District of New York. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

### III. Previous Lawsuits by Plaintiff

13. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action. However, plaintiff has filed Federal lawsuits relating to his imprisonment. In Whitfield v. NYS Dept. of Correctional Service, et al, 05 Civ. 1833 (SHS)(DFE), Plaintiff won a $317 out of court settlement in the Southern District Court of New York. In Whitfield v. Scully, et al, 94 Civ. 3290 – Hon. Denny Chin, plaintiff lost this suit filed in the Southern District Court of New York, and appealed the dismissal, (241 F.3d 264 [2nd Cir. 2001]). Plaintiff also filed a federal lawsuit unrelated to his imprisonment in the Southern District Court of New York (06 Civ. 5547 [CM][AJP]) against KreativeMindz Productions and won a $500 out of court settlement.

### IV. Exhaustion of Administrative Remedies

14. Although there was no requirement to exhaustion administrative remedies with regard to this particular action, plaintiff filed grievances with the Office of Court Administration in a good faith effort to resolve these constitutional transgressions without the need of resorting to this court for redress. The circumstances behind these grievances are set forth more fully below.

### VII. Statement of Facts

15. In the month of April 2008 plaintiff filed several Judiciary Law requests with various Court Clerks, and Court Reporters' Offices, including New York County, Nassau County and Kings County Supreme Courts. In a letter dated April 14, 2008 to the Kings County Supreme Court Clerk plaintiff requested copies of Richard Doyle's case file regarding an assault and criminal use of a firearm conviction in 1982. That same day plaintiff also sent a letter to the Court Reporters' Office seeking access to the sentencing minutes regarding this same case.

16. On May 6, 2008, plaintiff filed a complaint with Chief Administrative Judge Ann T. Pfau regarding the Court Reporters' Office's tardiness in responding. Thereafter, all New York County and Nassau County requests were answered. The Kings County requests were

completely ignored. Indeed, a response letter dated June 19, 2008, Barbara Zahler-Gringer, Counsel for Administration and Operations answered on behalf of the Chief Judge and stated: "Kings County Supreme Court received your request, and is still reviewing their records to determine how it has been processed."

17. On May 19, 2008 plaintiff wrote a letter to the Criminal Term Correspondence Unit inquiring about the status of his April 14, 2008 Judiciary Law 255 request. Plaintiff never received a response.

18. On May 23, 2008, plaintiff made a request to Kings County Supreme Court Chief Clerk, James F. Imperatrice for a certified certificate of disposition regarding Doyle's assault and criminal use of a firearm conviction. In a memo dated June 24, 2008, Criminal Term Correspondence Unit instructed him to sent $10 for the certificate and on June 30, 2008 plaintiff had a check forwarded to the Court.

19. On June 3, 2008 plaintiff filed an Article 78 petition with the Supreme Court Kings County Civil Term, seeking to compel the Principle Court Reporter, Ellen Neri, to disclose the sentencing minutes of Doyle's assault case in which Richard Doyle pled guilty.

20. On June 6, 2008 plaintiff filed a CPL § 440.10 motion with the Chief Clerk of the Supreme Court, Kings County Criminal Term, James F. Imperatrice in connection with the issues relating to the pending Judiciary Law requests.

21. On June 22, 2008 plaintiff filed letters with the Kings County Chief Clerks (Criminal and Civil Terms) and the Correspondence Unit informing them of his change of address (transferred from Sing Sing to Woodbourne).

22. On July 15, 2008 plaintiff filed a complaint with Sherrill Spatz, requesting that an investigation be conducted to determine why he is apparently being denied access to the Kings County Courts. A copy of the letter was sent to the Chief Administrative Judge Ann T. Pfau,

Senator John L. Sampson and the New York State Senate Judiciary Committee. In a letter dated July 22, 2008, defendant Spatz acknowledged receipt of the complaint, and indicated that the complaint was forwarded to defendant Imperatrice for review and response.

23. On August 5, 2008, plaintiff received an opposition to the CPL 440.10 motion from the Kings County District Attorney's Office. In an addendum/reply to the opposition, plaintiff requested that the Court Clerk and the Court Reporters' Office be compelled to answer his outstanding Judiciary Law requests.

24. On August 5, 2008, plaintiff's Article 78 petition was returned along with a memo dated August 5, 2008 from the Kings Supreme Court Clerk's Office (Room 773) stating, "we are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes."

25. As of the commencement of this action, my Judiciary Law §255 and §301 requests and the purchase of the certificate of disposition remain unresolved.

### V. Statement of Claim

26. At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

### VI. First Claim For Relief

27. Paragraphs 1 through 26 are hereby incorporated by reference.

28. The First Amendment of the United States Constitution forbid government officials from denying citizens access to the courts. Unconstitutional deprivation of a cause of action occurs when government officials thwart vindication of a claim by violating basic principles that enable claimants to assert their rights effectively.

29. Defendants, from April 2008 to the present, intentionally thwarted, impeded, blocked, circumvented and wholly denied plaintiff access to the Kings County Supreme Courts by maliciously refusing to process his Judiciary Law § 255 requests, Judiciary Law §301 request, and an Article 78 petition.

30. Defendant James F. Imperatrice was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when he ignored letters from higher ranking judicial officials from the Office of Court Administration directing him to take action to stop these constitutional violations, and when he completely ignored plaintiff's letters and requests addressed directly to him.

31. Defendant Edward J. Volpe was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when he ignored letters from higher ranking judicial officials from the Office of Court Administration directing him to take action to stop these constitutional violations, and when he completely ignored plaintiff's article 78 petition that was addressed directly to him.

32. Defendant Ellen Neri was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when she ignored plaintiff's Judiciary Law requests and the letters from various higher ranking judicial officials from the Office of Court Administration commanding her to answer the judiciary Law requests, and to stop violating plaintiff's constitutional rights.

33. Defendants Barbara Zahler-Gringer and Sherill Spatz were directly and personally responsible for thwarting plaintiff's constitutional right to access to the court when they failed to take appropriate action to insure that the long standing, persistent constitutional transgressions against plaintiff's constitutional rights had ceased, despite knowing there was an unlawful conspiracy to deny plaintiff access to the Kings County Courts.

34. Defendants John/Jane Does of the Kings County Supreme Court Criminal Term and Civil Term Units were directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when they repeatedly and continuously refused to process plaintiff's Judiciary Law requests, even after officials from the Office of Court Administration intervened into the matter.

35. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,00 = compensatory damages - $835,000 = punitive dames).

## VII. Second Claim For Relief

36. Paragraphs 1 through 35 are hereby incorporated by reference.

37. Both Civil and Criminal Federal law forbids state officials from engaging in a conspiracy to injure, and oppress citizens in the free exercise of their federal and state Constitutional right to access to the court.

38. Defendants of the Kings Supreme Court Clerk's Office, from April 2008 to the present, conspired with the Kings County District Attorney's Office to prevent plaintiff from getting access to court documents that would bolster the egregious prosecutorial misconduct claim raised in plaintiff's post conviction motion, thereby maliciously obstructing and wholly preventing plaintiff's unlawful conviction from being vacated, while covering up criminal wrongdoings on the part of the Kings County District Attorney's Office, and injuring plaintiff in the exercise of his right to access to the court secured by the Federal Constitution.

39. Defendant James F. Imperatrice was directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when he agreed with members of the Kings County District Attorney's Office to block the disclosure of Richard Doyle's assault and criminal use of a firearm conviction records (public property) in order to

prevent exposing the prosecution's misconduct committed during plaintiff's trial by refusing to process plaintiff's Judiciary Law requests.

40. Defendant Edward J. Volpe was directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when he agreed with members of the Kings County District Attorney's Office to block the disclosure of Richard Doyle's assault and criminal use of a firearm conviction records (public property) in order to prevent exposing the prosecution's misconduct committed during plaintiff's trial by refusing to process plaintiff Article 78 proceeding.

41. Defendant Ellen Neri was directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when she agreed with members of the Kings County District Attorney's Office to block the disclosure of Richard Doyle's stenographic minutes of his assault and criminal use of a firearm conviction records (public property) in order to prevent exposing the prosecution's misconduct committed during plaintiff's trial by refusing to process plaintiff's Judiciary Law §301 request.

42. Defendants Barbara Zahler-Gringer and Sherill Spatz were directly and personally responsible for conspiring to thwart plaintiff's constitutional right to access to the court when they agreed with members of the Kings County District Attorney's Office to not take appropriate action to insure that the long standing, persistent constitutional transgressions against plaintiff's constitutional rights had ceased, despite knowing there was an unlawful conspiracy to deny plaintiff access to the Kings County Courts.

43. Defendants John/Jane Does of the Kings County Supreme Court Criminal Term and Civil Term Units were directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when they agreed with members of the Kings County District Attorney's Office to repeatedly and continuously refuse to process plaintiff's Judiciary

Law requests, even after high ranking Officials from the Office of Court Administration instructed them to process plaintiff's requests.

44. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,00 = compensatory damages - $835,000 = punitive dames).

### VII. Third Claim For Relief

45. Paragraphs 1 through 44 are hereby incorporated by reference.

46. The First Amendment of the United States Constitution forbid government officials from retaliating against citizens for exercising their right to petition the government for the redress of grievances.

47. Defendants, on or about August 5, 2008, punished and retaliated against plaintiff for filing complaints with the Office of Court Administration, and immediately after high ranking judicial officials intervened into the matter, plaintiff's Article 78 petition was returned by the Clerk's Office, even though an ORI# was assigned the petition (NY023015J) and the order to show cause was stamped: "Do not mark off for Non-appearance petitioner incarcerated", which indicate at some earlier point there was an intent to process the petition.

48. Defendant Edward J. Volpe was directly and personally responsible for retaliating against plaintiff for filing complaints with the Office of Court Administration when he either gave the order to return plaintiff's Article 78 petition or took no action to stop the petition from being returned, despite knowing his subordinates were engaged in unconstitutional activities.

49. Defendants John/Jane Does of the Kings County Supreme Court Civil Term Unit, Ex-Parte/Part 72/Room 773 were directly and personally responsible for retaliating against plaintiff for filing complaints with the Office of Court Administration when they returned plaintiff's Article 78 petition, after it had assigned an ORI # and stamped the order to show cause with a

statement that said: "Do not mark off for Non-appearance petitioner incarcerated", which was a clear indication that the Article was going to be processed, but at some point the process had ceased. The defendants further retaliated by usurping the making a ruling on the merit of the Article 78 petition when they stated in a memo dated August 5, 2008, "we are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes."

50. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,00 = compensatory damages - $835,000 = punitive dames).

### VII. Prayer of Relief

51. Plaintiff requests an injunction and restraining order compelling defendants to stop denying him access to the Kings County Supreme Court.

52. Plaintiff requests an injunction and restraining order compelling defendants to process his Judiciary Law § 255 requests, Judiciary Law §301 request, and Article 78 petition in accordance with the law.

53. Plaintiff requests an injunction and restraining order compelling the State Judge handling his pending CPL 440.10 motion (Justice Debra A. Dowling – Criminal Term – Part 1) to not make a ruling on the motion until the defendants disclose to the plaintiff the court documents he is being unconstitutionally denied access to.

54. Plaintiff requests an injunction compelling the Kings County Supreme Court officials to create and enforce a policy that will prevent court clerk employees from returning litigants' moving papers in retaliation for filing complaints with the Office of Court Administration.

55. Plaintiff request an injunction compelling the Kings County Supreme Court officials to institute a policy that safeguards litigants from conspiratorial efforts of court clerk and court reporter employees to deny citizens access to court documents (public property).

56. Plaintiff request an injunction compelling the Kings County District Attorney's office to disclose all records of Richard Doyle's assault and criminal use of a firearm conviction under indictment # 01883-82.

57. Plaintiff request an injunction enjoining Kings County District Attorney's Office from conspiring with the Kings County Supreme Court Clerk and Court Reporters' Offices to deny plaintiff access to Richard Doyle's assault and criminal use of a firearm conviction records (public property).

58. Plaintiff requests an injunction compelling the U.S. Attorney's Office to commence an investigation pursuant to 18 U.S.C. §241 and §242 into the actions of the Kings County Supreme Court Clerk's Office, Court Reporters' Office and the Kings County District Attorney's Office in connection with their conspiratorial efforts to deny plaintiff his constitutional and civil rights to access to court in an apparent effort to cover up the criminal violations committed by the Kings County District Attorney's Office, and in connection with their effort to deny plaintiff his constitutional right not to be retaliated against for filing grievances to high-ranking judicial officials of the Office of Court Administration.

59. Plaintiff requests an injunction compelling the U.S. Attorney's Office to commence an investigation pursuant to 18 U.S.C. §241 and §242 into the actions of the Kings County District Attorney's Office regarding the Penal Code violations committed during plaintiff's criminal prosecution as illustrated in Plaintiff's CPL §440.10 motion.

60. Plaintiff request $1, 002,000 (one million, two thousand dollars) as compensatory damages.

61. Plaintiff John Whitfield further alleges that all of the acts of the defendants, as above set forth were willfully and knowingly committed by the defendants, with the malicious intent to injure plaintiff John Whitfield, and plaintiff John Whitfield is entitled to recover exemplary or punitive damages from the defendants in the sum of $2,505.000 (two million, five hundred and five thousand dollars) as punitive damages.

62. Plaintiff requests that costs be imposed upon the defendants and that he be granted such other and further relief as the court deems just and proper.

*John Whitfield, 88A5197, Pro Se*

I declare under penalty of perjury that this 12th day of August 2008, I delivered this verified complaint to prison authorities at Woodbourne Correctional facility to be mailed to the Pro Se Office of the United States District Court for the Eastern District of New York.

*John Whitfield*
PLAINTIFF'S NAME

August 12, 2008
DATE

## VERIFICATION

STATE OF NEW YORK  )
) ss.:
COUNTY OF SULLIVAN )

    I, John Whitfield, being duly sworn deposes and says:

    That he is the plaintiff in the within proceeding; that he has read the foregoing verified complaint and knows the contents thereof, that the same is true to his knowledge, except as to the matters alleged therein on information and belief and that as to those matters he believes them to be true.

                                               _/s/ John Whitfield_
                                               John Whitfield, 88A5197, Pro - Se

Sworn to before me this

_12_ day of August, 2008

_/s/ Cora Schlifkin_
NOTARY PUBLIC

CORA SCHLIFKIN
Notary Public, State of New York
Sullivan County Clerk's #2568
Commission Expires January 14, 20_10_