IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK



-----------------------------------------------------------------X

John Whitfield,

                                Plaintiff,

v.

James F. Imperatrice, Chief Clerk,
Edward J. Volpe, Chief Clerk,
Ellen Neri, Principal Court Reporter
Barbara Zahler-Gringer, Counsel of
Administration and Operations,
Sherrill Spatz, Inspector General,
Donna Johnson, Senior Court Clerk,
James Russo, Record Access Officer
for NYPD, Jonathan David, Record
Access Appeals Officer for NYPD,
Civil Correspondence Unit, Criminal,
Correspondence Unit, any and all John
and Jane Does, in their individual and
official capacity.

                            Defendants.

**VERIFIED AMENDED COMPLAINT**

Under the Civil Rights Act,
42 U.S.C § 1983

Jury Trial Demanded

08-Cv-3395 (SLT)(LB)

-----------------------------------------------------------------X

## I. Complaint

Plaintiff, John Whitfield, pro se, for his complaint state as follows:

## II. Parties, Jurisdiction and Venue

1. Plaintiff John Whitfield is confined in a state correctional institution, located at 99 Prison Road, P.O. Box 1000, in the City of Woodbourne in the State of New York 12788-1000.

2. Plaintiff John Whitfield is, and was at all times mentioned herein, an adult citizen of the Unites States and a resident of the State of New York.

3. Defendant James F. Imperatrice was at all relevant times herein the Chief Clerk of the Kings County Supreme Court Criminal Term. Defendant Imperatrice's current employment address is 320 Jay Street, Brooklyn, NY 11201.

4. Defendant Edward J. Volpe was at all relevant times herein the Chief Clerk of the Kings County Supreme Court Civil Term. Defendant Volpe's current employment address is 360 Adams Street, Brooklyn, NY 11201.

5. Defendant Ellen Neri was at all relevant times herein the Principle Court Reporter of the Kings County Supreme Court. Defendant Neri's's current employment address is 360 Adams, Brooklyn, NY 11201.

6. Defendant Barbara Zahler-Gringer was at all relevant times herein the Counsel for Administration and Operations of the Office of Court Administration. Defendant Zahler-Gringer's current employment address is 25 Beaver Street, New York, NY 10004.

7. Defendant Sherrill Spatz was at all relevant times herein the Inspector General of the Office of Court Administration. Defendant Spatz's current employment address is 25 Beaver Street, New York, NY 10004.

8. Defendant Donna Johnson was at all relevant times herein the Senior Court Clerk of the Kings County Supreme Court, Criminal Term. Defendant Johnson's current employment address is 320 Jay Street, Room # 3.6, Brooklyn, NY 11201.

9. Defendant James Russo was at all relevant times herein the Record Access Officer of the New York City Police Department's FOIL Unit. Defendant Russo's current employment address is One Police Plaza, Room 110C, New York, NY 10038.

10. Defendant Jonathan David was at all relevant times herein the Record Access Officer of the New York City Police Department's FOIL Unit. Defendant David's current employment address is One Police Plaza, Room 1406, New York, NY 10038-1497.

11. John/Jane Doe defendants of the Kings County Supreme Court Criminal Term Correspondence Unit. The current address of John/Jane Doe defendant's is 320 Jay Street, Brooklyn, NY 11201.

12. John/Jane Doe defendants of the Kings County Supreme Court Civil Term Correspondence Unit. The current address of John/Jane Doe defendant's is 360 Adams Street, Brooklyn, NY 11201.

13. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

14. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

15. This cause of action arose in the Eastern District of New York.  Therefore, venue is proper under 28 U.S.C. Section 1391(b).

16. Plaintiff's state pendent jurisdiction claim is authorized by 28 U.S.C. §1331 and §1343 (3).

### III. Previous Lawsuits by Plaintiff

17. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action. However, plaintiff has filed Federal lawsuits relating to his imprisonment. In Whitfield v. NYS Dept. of Correctional Service, et al, 05 Civ. 1833 (SHS)(DFE), plaintiff won a $317 out of court settlement in the Southern District Court of New York.  In Whitfield v. Scully, et al, 94 Civ. 3290, plaintiff lost this suit filed in the Southern District Court of New York and appealed the dismissal, (241 F.3d  264 [2nd Cir. 2001]). Plaintiff recently filed a 1983 lawsuit in the Southern District Court of New York, Whitfield v. O'Connell. Plaintiff also filed a federal lawsuit unrelated to his imprisonment in the Southern District Court of New York (06 Civ. 5547 [CM][AJP]) against KreativeMindz Productions and won a $500 out of court settlement.

## IV. Exhaustion of Administrative Remedies

18. Although there was no requirement to exhaustion administrative remedies with regard to this particular action, plaintiff filed grievances with the Office of Court Administration on May 6, 2008 and July 15, 2008 in a good faith effort to resolve these constitutional transgressions without the need of resorting to this court for redress. The circumstances behind these grievances are set forth more fully below.

## VII. Statement of Facts

19. In the month of April 2008 plaintiff filed several Judiciary Law requests with various Court Clerks, and Court Reporters' Offices, including New York County, Nassau County and Kings County Supreme Courts. In a letter dated April 14, 2008 to the Kings County Supreme Court Clerk plaintiff requested copies of Richard Doyle's case file regarding an assault and criminal use of a firearm conviction in 1982. That same day plaintiff also sent a letter to the Court Reporters' Office seeking access to the sentencing minutes regarding this same case.

20. On May 6, 2008, plaintiff filed a complaint with Chief Administrative Judge Ann T. Pfau regarding the Court Reporters' Office's tardiness in responding. Thereafter, all New York County and Nassau County requests were answered. The Kings County requests were completely ignored. Indeed, a response letter dated June 19, 2008, Barbara Zahler-Gringer, Counsel for Administration and Operations answered on behalf of the Chief Judge and stated: "Kings County Supreme Court received your request, and is still reviewing their records to determine how it has been processed."

21. On May 19, 2008 plaintiff wrote a letter to the Criminal Term Correspondence Unit inquiring about the status of his April 14, 2008 Judiciary Law 255 request. Plaintiff never received a response.

22. On May 23, 2008, plaintiff made a request to Kings County Supreme Court Chief Clerk, James F. Imperatrice for a certified certificate of disposition regarding Doyle's assault and criminal use of a firearm conviction. In a memo dated June 24, 2008, Criminal Term Correspondence Unit instructed him to send $10 for the certificate and on June 30, 2008 plaintiff had a check forwarded to the Court.

23. On June 3, 2008 plaintiff filed an Article 78 petition with the Supreme Court Kings County Civil Term, seeking to compel the Principle Court Reporter, Ellen Neri, to disclose the sentencing minutes of Doyle's assault case in which Richard Doyle pled guilty.

24. On June 6, 2008 plaintiff filed a CPL § 440.10 motion with the Chief Clerk of the Supreme Court, Kings County Criminal Term, James F. Imperatrice in connection with the issues relating to the pending Judiciary Law requests.

25. On June 22, 2008 plaintiff filed letters with the Kings County Chief Clerks (Criminal and Civil Terms) and the Correspondence Unit informing them of his change of address (transferred from Sing Sing to Woodbourne).

26. On July 15, 2008 plaintiff filed a complaint with Sherrill Spatz, requesting that an investigation be conducted to determine why he is apparently being denied access to the Kings County Courts. In a letter dated July 22, 2008, defendant Spatz acknowledged receipt of the complaint, and indicated that the complaint was forwarded to defendant Imperatrice for review and response.

27. On August 5, 2008, plaintiff received an opposition to the CPL 440.10 motion from the Kings County District Attorney's Office. In an addendum/reply to the opposition, plaintiff requested that the Court Clerk and the Court Reporters' Office be compelled to answer his outstanding Judiciary Law requests.

28. On August 5, 2008, plaintiff's Article 78 petition was returned along with a memo dated August 5, 2008 from the Kings Supreme Court Clerk's Office (Room 773) stating, "we are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes."

29. On August 5, plaintiff filed a Freedom Of Information Law Request with defendant James Russo, Record Access Officer, seeking to purchase all records involving Richard Doyle's arrest and conviction under indictment #01883-82.

30. In a letter dated August 10, 2005, Senior Court Clerk, Donna Johnson informed plaintiff that she received plaintiff's "letter addressed to Sherrill Spatz, Inspector General for the Office of Court Administration as well as" plaintiff's previous letters addressed to the court. Defendant Johnson also informed plaintiff that the "cost for photocopying of all documents relating to Richard Doyle, indictment number 1883-1982 is $22.75." On August 18, 2008 Plaintiff sent the $22.75 to the court (check # 81125) and also reminded defendant Johnson that a $10.00 check (#8061Z) for the certificate of disposition was sent to the court on July 8, 2008.

31. On August 13, 2008 plaintiff commenced this 42 U.S.C. § 1983.

32. On August 25, 2008, plaintiff filed an appeal with defendant Jonathan David, Record Access Appeals Officer of the NYPD FOIL Unit, appealing the apparent constructive denial of his August 5, 2008 FOIL request. As of the commencement of this verified amended complaint plaintiff has not received an answer to this appeal, even though plaintiff's FOIL request for copies of records involving Doyle's 1989 New York County conviction for petit larceny was answered.

33. As of the commencement of this amended verified complaint filed pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1)(A), plaintiff's Judiciary Law §255 and §301

proceedings, CPLR Article 78 petition and the release of the paid for court records remain unresolved.

## V. Statement of Claim

34. At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

## VI. First Claim For Relief

35. Paragraphs 1 through 34 are hereby incorporated by reference.

36. The First and Fourteenth Amendments of the United States Constitution forbid government officials from denying citizens access to the courts. Unconstitutional deprivation of a cause of action occurs when government officials thwart vindication of a claim by violating basic principles that enable claimants to assert their rights effectively.

37. The above named defendants, from April 2008 to the present, intentionally thwarted, impeded, blocked, circumvented and wholly denied plaintiff access to the Kings County Supreme Courts by maliciously refusing to process his Judiciary Law § 255 requests for access to copies of court records, Judiciary Law §301 request for access to copies of stenographic sentencing minutes, and an Article 78 petition seeking to compel defendant Ellen Neri, the Principle Court Reporter, to disclose to plaintiff Richard Doyle's sentencing minutes of his assault and criminal use of a firearm conviction under indictment # 01883-82.

38. As a direct result of defendants' bad faith efforts to block plaintiff's underlying causes of action, plaintiff has lost several remedies (i.e., access to Doyle's criminal conviction records and the right to compel the defendants' to disclose these court records and stenographic sentencing minutes pursuant to CPLR Article 78). Because all causes of action filed with the court must first go through the court clerk's office, and because the defendants' have decided to

punish plaintiff for filing complaints with high ranking court officials (Inspector General, Chief Judge, etc), while engaged in a conspiracy to suppress the facts contained in these judicial documents, plaintiff has affirmatively and permanently been stripped of his First and Fourteenth Amendment right to access to the court.

39. Defendant James F. Imperatrice was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when he ignored plaintiff's Judiciary Law requests dated April 14, 2008, May 19, 2008, May 23, 2008, and June 30, 2008 seeking to acquire copies of court records and when he ignored letters from Barbara Zahler-Gringer, Counsel of Administration and Operations and Sherill Spatz, Inspector General, high ranking judicial officials of the Office of Court Administration who explicitly instructed and ordered him to comply with the mandates of Judiciary Law §255 by disclosing to plaintiff the copies of the court records he sought access to.

40. Defendant Edward J. Volpe was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when he refused to process plaintiff's Article 78 petition filed with the Civil Term on June 3, 2008, seeking to compel defendant Ellen Neri to disclose Richard Dolye's sentencing minutes, and when he ignored letters from Barbara Zahler-Gringer, Counsel of Administration and Operations and Sherill Spatz, Inspector General, high ranking judicial officials of the Office of Court Administration who explicitly instructed and ordered him to comply with the mandates of NYCCR §202.5 by simply processing plaintiff's Article 78 petition in accordance with the law.

41. Defendant Ellen Neri was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when she ignored plaintiff's Judiciary Law requests dated April 14, 2006, and May 6, 2008 and the various letters from high ranking court officials from the Office of Court Administration (Counsel for Administration and Operations and

Inspector General) commanding her to answer the Judiciary Law requests, and to stop violating plaintiff's constitutional rights.

42. Defendants Barbara Zahler-Gringer and Sherill Spatz were directly and personally responsible for thwarting plaintiff's constitutional right to access to the court when they failed to take appropriate and effective action to insure that the persistent constitutional transgressions against plaintiff's constitutional right to access to the court had ceased, despite knowing (from plaintiff's several complaints filed) there was an unlawful conspiracy to deny plaintiff access to the Kings County Courts, acts committed by subordinates directly under their control and supervision.

43. Defendant Donna Johnson was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when she received from plaintiff $22.75 to cover the cost of photocopying Richard Doyle's criminal conviction records on or about August 21, 2008, and deliberately refused to send plaintiff these purchased documents in furtherance of the conspiracy to suppress the facts within these judicial documents and to punish plaintiff for filing complaints with the Inspector General and the Chief Judge.

44. Defendants James Russo and Jonathan David of the NYPD FOIL Unit were directly and personally responsible for denying plaintiff access to the Court when they refused to disclose to plaintiff all of Richard Doyle's records regarding his arrest and conviction for assault and criminal use of a firearm under indictment number 01883-82, despite the fact they disclosed the records of Doyle's 1989 New York County arrest and conviction for petit larceny, which confirms that this current suppression of the records in connection with Doyle's assault and criminal use of a firearm conviction is deliberate.

45. Defendants John/Jane Does of the Kings County Supreme Court Criminal Term and Civil Term Units were directly and personally responsible for denying plaintiff access to the

Kings County Supreme Court when they repeatedly and continuously refused to process plaintiff's Judiciary Law requests, even after officials from the Office of Court Administration intervened into the matter.

46. Defendants John/Jane Does of the Kings County Civil Term Clerk's Office, Ex Parte/Part 72/Room 773, responsible for returning plaintiff's Article 78 petition on August 5, 2008 was directly and personally responsible for denying plaintiff access to the Kings County Supreme Court when he or she violated NYCRR §202.5 by knowing making an unlawful ruling on plaintiff's Article 78 petition to compel compliance with the mandates set in Judiciary Law, claiming that "we are returning your papers.  As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes," and then rejecting this cause of action in furtherance of the conspiracy to conceal the facts within these judicial records and to punish plaintiff for filing complaints with the Inspector General and Chief Judge by returning plaintiff's Article 78 petition, despite the fact there was an obvious earlier attempt to process the petition in accordance with the law (an ORI# was assigned [NY023015J] and the proposed order to show cause was stamped: "Do not mark off for Non-appearance petitioner incarcerated").

47. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,000 = compensatory damages - $835,000 = punitive dames).

### VII. Second Claim For Relief

48. Paragraphs 1 through 47 are hereby incorporated by reference.

49. The First and Fourteenth Amendments of the United States Constitution forbid government officials from retaliating against citizens for exercising their right to petition the government for the redress of grievances.

50. The above named defendants punished, retaliated and took adverse actions against plaintiff for filing complaints with the Office of Court Administration on May 6, 2008 and July 15, 2008, and immediately after high ranking judicial officials intervened on or about June 19, 2008 and July 22, 2008, plaintiff's Article 78 petition was returned by the Clerk's Office on August 5, 2008, even though an ORI# was assigned the petition (NY023015J) and the proposed order to show cause was stamped: "Do not mark off for Non-appearance petitioner incarcerated", which indicate that prior to the Inspector General's intervention there was an apparent intent to process the petition.

51. Defendant Edward J. Volpe was directly and personally responsible for retaliating against plaintiff for filing complaints with the Office of Court Administration when he either gave the order to return plaintiff's Article 78 petition or took no action to stop the petition from being returned, despite knowing his subordinates were engaged in unconstitutional activities.

52. Defendants John/Jane Does of the Kings County Supreme Court Civil Term Unit, Ex-Parte/Part 72/Room 773 were directly and personally responsible for retaliating against plaintiff for filing complaints with high ranking officials of the Office of Court Administration (i.e., Inspector General, Counsel for Administration and Operations, Chief Judge, etc) when they returned plaintiff's Article 78 petition on August 5, 2008, after it was assigned an ORI # and stamped the proposed order to show cause with the following statement: "Do not mark off for Non-appearance petitioner incarcerated", which clearly indicate that the Article 78 petition was going to be processed, but when the Inspector General intervened, the processing of the petition had ceased. The defendants further retaliated against plaintiff by usurping a Judge's authority

and made an unauthorized and unlawful ruling on the merit of the Article 78 petition, then returned the petition along with a memo dated August 5, 2008 stating, "we are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes."

53. Defendant Donna Johnson was directly and personally responsible for retaliating against plaintiff for filing complaints with high ranking officials of the Office of Court Administration (i.e., Inspector General, Counsel for Administration and Operations, Chief Judge, etc) when she took adverse actions against plaintiff by refusing to send plaintiff copies of the 91 court documents plaintiff purchased for $22.75 (.25 cent x 91 = $22.75) on August 18, 2008, thus punishing plaintiff for exercising his constitutionally protected right to petition the government for the redress of grievances.

54. In light of the defendants' clear involvement in these adverse actions taken against plaintiff (return of Article 78 petition and suppression of court records, even after the cost for photocopies were paid) coupled with the short time frame between the complaints filed with high ranking court officials and the adverse actions, supports an inference that defendants had a retaliatory motive and establishes that there was a casual connection between the protected activities (filing complaints/grievances) and the adverse actions.

55. As a result of defendants' blocking plaintiff's CPLR Article 78 petition from being processed in accordance with the law, and denying plaintiff access to court records (public property) even though he paid the cost for photocopies, due solely to plaintiff's filing complaints with the Inspector General, Counsel of Administration and Operations, and the Chief Judge, the defendants subjected plaintiff to conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional right to petition the government for the redress of grievances.

56. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,000 = compensatory damages - $835,000 = punitive dames).

### VII. Third Claim For Relief

57. Paragraphs 1 through 56 are hereby incorporated by reference.

58. Both Civil and Criminal Federal law forbids state officials from engaging in a conspiracy to injure, and oppress citizens in the free exercise of their federal and state Constitutional right to access to the court.

59. Defendants of the Kings Supreme Court Clerks' Offices and the NYPD FOIL Unit, from April 2008 to the present, conspired with the Kings County District Attorney's Office to prevent plaintiff from getting access to court documents and criminal records that would bolster the egregious prosecutorial misconduct claim raised in plaintiff's post conviction motion, thereby obstructing and wholly preventing plaintiff's unlawful conviction from being vacated, while covering up criminal wrongdoings on the part of the Kings County District Attorney's Office, and injuring plaintiff in the exercise of his right to access to the court and to petition the government for the redress of grievances secured by the Federal Constitution.

60. Defendant James F. Imperatrice was directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when he agreed with members of the Kings County District Attorney's Office to block the disclosure of Richard Doyle's assault and criminal use of a firearm conviction court records (public property) in order to prevent exposing the prosecution's misconduct committed during plaintiff's trial by refusing to process plaintiff's Judiciary Law requests.

61. Defendant Edward J. Volpe was directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when he agreed with members of the

Kings County District Attorney's Office to block the disclosure of Richard Doyle's assault and

criminal use of a firearm conviction court records (public property) in order to prevent exposing

the prosecution's misconduct committed during plaintiff's trial by refusing to process plaintiff's

Article 78 proceeding.

62. Defendant Ellen Neri was directly and personally responsible for conspiring to deny

plaintiff access to the Kings County Supreme Court when she agreed with members of the Kings

County District Attorney's Office to block the disclosure of Richard Doyle's stenographic

minutes of his assault and criminal use of a firearm conviction court records (public property) in

order to prevent exposing the prosecution's misconduct committed during plaintiff's trial by

refusing to process plaintiff's Judiciary Law §301 request.

63. Defendants Barbara Zahler-Gringer and Sherill Spatz were directly and personally

responsible for conspiring to thwart plaintiff's constitutional right to access to the court when

they agreed with members of the Kings County District Attorney's Office to not take appropriate

action to ensure that the long standing, persistent constitutional transgressions against plaintiff's

constitutional rights had ceased, despite knowing there was an unlawful conspiracy to deny

plaintiff access to the Kings County Courts.

64. Defendant Donna Johnson was directly and personally responsible for conspiring to

deny plaintiff access to the Kings County Supreme Court when she refused to send plaintiff

copies of the 91 court documents after plaintiff sent her $22.75, thus she agreed with members of

the Kings County District Attorney's Office and other co-conspirators to block the disclosure of

Richard Doyle's assault and criminal use of a firearm conviction records (public property) in

order to prevent exposing the prosecution's misconduct committed during plaintiff's criminal

trial.

65. Defendants James Russo and Jonathan David of the NYPD FOIL Unit were directly and personally responsible for conspiring to deny plaintiff access to the Court when they agreed with members of the Kings County District Attorney's Office to suppress the criminal records in connection with plaintiff's FOIL request dated August 5, 2008, seeking to acquire copies of Richard Doyle's criminal records regarding his arrest and conviction for assault and criminal use of a firearm under indictment number 01883-82, despite the fact they disclosed the records of Doyle's 1989 New York County arrest and conviction for petit larceny, which confirms that there was no legitimate reason to suppress the assault and criminal use of a firearm conviction records since the circumstances of both FOIL requests were literally identical.

66. Defendants John/Jane Does of the Kings County Supreme Court Criminal Term and Civil Term Units were directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when they agreed with members of the Kings County District Attorney's Office to continuously refuse to process plaintiff's Judiciary Law requests, even after high ranking Officials from the Office of Court Administration instructed them to process plaintiff's requests.

67. Defendants John/Jane Does of the Kings County Civil Term Clerk's Office, Ex Parte/Part 72/Room 773, responsible for returning plaintiff's Article 78 petition on August 5, 2008 were directly and personally responsible for conspiring to deny plaintiff access to the Kings County Supreme Court when they violated NYCRR §202.5 by knowing making an unlawful ruling on plaintiff's Article 78 petition to compel compliance with the mandates set in Judiciary Law, claiming that "we are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes," and then rejecting this cause of action in furtherance of this conspiracy to conceal the facts within these judicial records and to punish plaintiff for filing complaints with the Inspector General and Chief

Judge by returning plaintiff's Article 78 petition, despite the fact there was an obvious earlier attempt to process the petition in accordance with the law (an ORI# was assigned [NY023015J] and the proposed order to show cause was stamped: "Do not mark off for Non-appearance petitioner incarcerated").

68. The key four elements establishing a civil conspiracy to withhold court records can easily be gleaned from the fact that the District Attorney's Office, the Kings County Supreme Court Clerks Offices, and the NYPD FOIL Unit were required by law to disclose these court records and refused to do so (a corrupt agreement between two or more persons); and the fact that the District Attorney and the Court Clerks' Offices along with the NYPD FOIL Unit unlawfully withheld these court records from plaintiff, even though he had an absolute right, both statutorily and constitutionally, to copies of the requested court records, there was a total lack of any excuse for withholding these records, there is an excessive and unreasonable length of time these documents have remained undisclosed, this calculated suppression occurred immediately after plaintiff filed his post-conviction motion alleging egregious prosecutorial misconduct, plaintiff was punished when his Article 78 petition was returned for filing complaints, and was denied access to these court records even after he paid the $22.75 photocopying cost (overt acts committed in furtherance of this agreement to deny plaintiff access to court records), and most of all, there was a bold and relentless refusal to disclose these judicial documents even after the Inspector General, Counsel of Administration and Operations, and the Chief Judge intervened into the matter (parties intentional participation in furtherance of the plan or purpose). As a result of this conspiracy, plaintiff has been denied his constitutional right to access to the court and to petition the government for the redress of grievances without fear of reprisals (resulting in damage and injury).

69. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,000 = compensatory damages - $835,000 = punitive dames).

### VII. Fourth Claim For Relief

70. Paragraphs 1 through 69 are hereby incorporated by reference.

71. Where a federal court is presented with both a federal and non-federal claim derived from the same common nucleus of operative fact, and the federal court has jurisdiction over the federal claim, then the federal court has pendent jurisdiction to try the non-federal claim.

72. The State of New York, through the conduct of the above named defendants, breached its statutorily duty to provide plaintiff with reasonable and adequate access to the courts without undue delay when the defendants intentionally thwarted, impeded, blocked, and wholly denied plaintiff access to the Kings County Supreme Courts by refusing to process his Judiciary Law § 255 requests for access to copies of Richard Doyle's court records, Judiciary Law §301 request for access to copies of Richard Doyle's stenographic sentencing minutes, FOIL request for access to Doyle's criminal conviction records, and an Article 78 petition seeking to compel defendant Ellen Neri, the Principle Court Reporter, to disclose to plaintiff Doyle's sentencing minutes of his conviction under indictment # 01883-82

73. The State of New York, through the conduct of the above-named defendants, punished plaintiff for exercising his constitutionally protected right to petition the government for redress of grievances when members of the Kings County Supreme Court Civil Term Clerk's Office returned plaintiff's Article 78 petition on August 5, 2008, even though an ORI# was assigned the petition (NY023015J) and the proposed order to show cause was stamped: "Do not mark off for Non-appearance petitioner incarcerated", which indicate that prior to the Inspector General's intervention there was an intent to process the petition, and when Donna Johnson,

Senior Court Clerk of the Kings County Supreme Court Criminal Term, took adverse actions against plaintiff by refusing to send plaintiff copies of the 91 court documents plaintiff purchased for $22.75 on August 18, 2008, solely because plaintiff filed several complaints with high ranking officials of the Office of Court Administration.

74. The State of New York, through the actions and omissions of the above-named defendants, committed an independent tort of civil conspiracy from April 2008 to the present when members of the Kings County District Attorney and the Court Clerks' Offices along with the NYPD FOIL Unit agreed to deny plaintiff access to court records involving Richard Doyle's conviction for assault and criminal use of a firearm, and as noted above committed a series of overt acts in furtherance of this agreement, all three parties intentionally participated in furtherance of this common scheme to suppress these court records and public property and subsequently denied plaintiff his constitutional and statutory right to access to the courts and to petition the government for redress of grievances without fear of reprisals.

75. By reason of the foregoing plaintiff John Whitfield has suffered damages in the sum of $1,169,000 (one million, one hundred and sixty nine thousand dollars - $334,000 = compensatory damages - $835,000 = punitive dames).

### VII. Prayer of Relief

76. Plaintiff requests an injunction and restraining order compelling the defendants to process his Judiciary Law § 255 requests (to disclose all Richard Doyle's court records under indictment number 01883-82), Judiciary Law §301 request (to disclose the stenographic sentencing minutes of Richard Doyle's assault and criminal use of a firearm conviction), and CPLR Article 78 petition (to compel Ellen Neri to comply with the mandates set forth in Judiciary Law §301, et al).

77. Plaintiff requests an injunction compelling the Kings County Supreme Court officials to create and enforce a policy that will prevent court clerk employees from returning litigants' moving papers in retaliation for filing complaints with high ranking court officials of the Office of Court Administration.

78. Plaintiff requests an injunction compelling the Kings County Supreme Court officials to institute a policy that safeguards litigants from conspiratorial efforts of court clerk and court reporter employees seeking to deny citizens access to court documents (public property).

79. Plaintiff requests an injunction compelling defendants James Russo and Jonathan David of the NYPD FOIL Unit to disclose all records of Richard Doyle's assault and criminal use of a firearm conviction under indictment # 01883-82.

80. Plaintiff requests an injunction compelling the Kings County District Attorney's office to disclose all records of Richard Doyle's assault and criminal use of a firearm conviction under indictment # 01883-82.

81. Plaintiff requests an injunction compelling the U.S. Attorney's Office to commence an investigation pursuant to 18 U.S.C. §241 and §242 into the actions of the Kings County Supreme Court Clerks' Offices, Court Reporters' Office, NYPD FOIL Unit, and the Kings County District Attorney's Office in connection with their conspiratorial efforts to deny plaintiff his constitutional and civil rights to access to court in an apparent effort to cover up the criminal violations committed by the Kings County District Attorney's Office, and in connection with their effort to deny plaintiff his constitutional right not to be retaliated against for filing grievances to high-ranking judicial officials of the Office of Court Administration.

82. Plaintiff request $1,336,000 (one million, three hundred thousand and thirty six dollars) as compensatory damages.

83. Plaintiff John Whitfield further alleges that all of the acts of the defendants, as above set forth were willfully and knowingly committed by the defendants, with the malicious intent to injure plaintiff John Whitfield, and plaintiff John Whitfield is entitled to recover exemplary or punitive damages from the defendants in the sum of $3,340,000 (three million, three hundred and forty thousand dollars) as punitive damages.

84. Plaintiff requests that costs be imposed upon the defendants and that he be granted such other and further relief as the court deems just and proper.

*John Whitfield*

John Whitfield, 88A5197, Pro Se

I declare under penalty of perjury that on this 7th day of October 2008, I delivered this verified amended complaint to prison authorities at Woodbourne Correctional Facility to be mailed to the Pro Se Office of the United States District Court for the Eastern District of New York.

*John Whitfield*

PLAINTIFF'S NAME

October 6, 2008

DATE

## VERIFICATION

STATE OF NEW YORK      )
                                          )  ss.:
COUNTY OF SULLIVAN    )

I, John Whitfield, being duly sworn deposes and says:

That he is the plaintiff in the within proceeding; that he has read the foregoing Verified

Amended Complaint filed pursuant to FRCP 15 (a)(1)(A) and knows the contents thereof, that

the same is true to his knowledge, except as to the matters alleged therein on information and

belief and that as to those matters he believes them to be true.


_John Whitfield_

John Whitfield, 88A5197, Pro - Se


Sworn to before me this

6  day of October, 2008

_Cora Schlifkin_

NOTARY PUBLIC


CORA SCHLIFKIN
Notary Public, State of New York
Sullivan County Clerk's #2568
Commission Expires January 14, 20 10

John Whitfield, 88A5197
Woodbourne Corr. Fac.
99 Prison Road, PO Box 1000
Woodbourne, NY 12788-1000

October 7, 2008

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 9 2008 ★

**BROOKLYN OFFICE**

Pro Se Clerk's office
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Whitfield v. Imperatrice, et al
08-Cv-3395 (SLT)(LB)

Dear Prose Office:

Please find enclosed my Verified Amended Complaint filed pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1)(A) regarding the above-noted 42 U.S.C. §1983 lawsuit. Enclosed are 1 original and 2 copies of the Verified Amended Complaint.

Thank you for your time and consideration to this matter.

Sincerely yours,

John Whitfield, 88A5197

cc: file

