UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
John Whitfield

       Plaintiff,

       -against-

James F. Imperatrice, Chief Clerk,
Edward J. Volpe, Chief Clerk
Ellen Neri, Principal Court Reporter,
Barbara Zahler-Gringer, Counsel of
Administration and Operations,
Sherill Spatz, Inspector General,
Donna Johnson, Senior Court Clerk,
James Russo, Record Access Officer for
NYPD, Jonathan David, Record Access
Appeals Officer for NYPD, Civil
Correspondence Unit, Criminal
Correspondence Unit, any and all John and
Jane Does, in their individual and official
capacity.

       Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION
ORDER

08-CV-3395 (CBA) (LB)

AMON, United States District Judge:

Plaintiff pro se John Whitfield brought this action under 42 U.S.C. §§ 1983 and 1985, alleging that James Imperatrice, Edward Volpe, Barbara Zahler-Gringer, Sherrill Spatz and Donna Johnson ("the State defendants") denied him access to court by refusing to disclose certain court records, rejecting his application for proceedings under Article 78 of the New York C.P.L.R., and refusing to provide transcripts of court proceedings in the Supreme Court, Kings County. Plaintiff also alleges that the State defendants retaliated against him by denying his requests for records and transcripts because he had made complaints to "high ranking officials"

1

within the court system. (See Pl. Am. Compl. ¶¶ 38, 50.)

Plaintiff served two sets of requests for admission on the State defendants, on December 8, 2008 (the "first set") and on January 21, 2009 (the "second set"). Defendants timely responded to the requests. Plaintiff then moved pursuant to Fed. R. Civ. P. 36(a)(6) for an order to determine the sufficiency of the State defendants' responses, as well as to compel the State defendants' responses to his interrogatories and document requests, and for sanctions. See Docket Entries 37 & 38. On May 22, 2009, the Honorable Magistrate Judge Lois Bloom issued an order (the "Order") denying plaintiff's motions. On or about June 1, 2009, plaintiff filed a paper which he described as objections to the Order pursuant to Fed R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).[1] For the reasons stated below, plaintiff's objections are denied.

A district court is only required to modify or set aside a magistrate judge's order on a nondispositive matter when it is "clearly erroneous" or "contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Kai Wu Lu v. Tong Zheng Lu, No. 04-cv-1097, 2007 WL 2693845, at *2 (E.D.N.Y. Sept. 12, 2007) (internal citations and quotation marks omitted). With respect to questions of law, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

I. **Plaintiff's Rule 36 Motion**

Plaintiff moved to determine the sufficiency of the State defendants' responses to his two

---

[1] Plaintiff's objections are more properly described as an appeal of Magistrate Judge Bloom's Order.

2

requests for admission on the grounds that they do not comply with Fed. R. Civ. P. 36(a)(4). Specifically, plaintiff argued that defendants' responses to requests 1(c), 1(d), 2(a), 2(c), 2(d), 2(e), 2(g) and 2(h) from the first set, and requests 2, 3, 7, 9, 18, and 25 from the second set, do not provide the level of detail required by Fed. R. Civ. P. 36(a)(4).

Rule 36(a)(4) provides that if "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." If a party asserts lack of knowledge or information as a reason for failing to admit or deny, the party must "state that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. Under Rule 36, the answering party must make "reasonable inquiry and secure such knowledge and information as are readily obtainable . . . [and] requires that the party state that he has taken these steps." Fed. R. Civ. P. 36(a) Advisory Committee Notes.

### A. Plaintiff's First Set of Requests for Admission

Plaintiff argues that Magistrate Judge Bloom's ruling on request number 2(a) was clearly erroneous. See Plaintiff's Objections to Findings of Fact, Recommendations and Determinations at Pretrial Conference ("Pl.'s Objs.") at ¶ 2. Request 2(a) asks defendants to admit the truth of the statement in an August 5, 2008 mailing to plaintiff, stating that "[w]e are returning your papers. As a defendant in a criminal case, Mr. Richard Doyle will have to request and pay for his own stenographic minutes." The State defendants stated that they cannot admit or deny the truth of the statement "We are returning your papers" because they are "unaware if plaintiff's papers were returned or the reason therefore [sic]," and further stated that they had made reasonable inquiry and that the information that they know or can readily obtain is insufficient to admit or

3

deny. Plaintiff contends that the reason for returning the papers is "explicitly stated in [the August 5, 2008] memo" and the defendant's purported lack of knowledge is therefore "belied by irrefutable evidence". Pl.'s Objs. at ¶ 2. Plaintiff further argues that defendants have admitted that the August 5 mailing was returned, and cites to a statement in the State defendants' memorandum of law that plaintiff's Article 78 statement was returned. The Court finds that Magistrate Judge Bloom's ruling was not clearly erroneous. The defendants have stated that they are unable to identify who made the statement after making a reasonable inquiry, as required by Rule 36. The fact that the statement is written in the mailing does not irrefutably establish its truth. As the State defendants have noted, the papers may have been returned as a result of administrative error or another benign purpose.

Plaintiff objects to Magistrate Judge Bloom's finding that requests 2(c), 2(g) and 2(h) of plaintiff's first set of requests are vague and ambiguous and "provide little or no context for defendants to properly respond." Pl.'s Objs. at ¶ 3; Order at 3. Each request asks the defendants to admit the truth of a statement. Request 2(c) states "The stamp 'DO NOT MARK OFF FOR NON-APPEARANCE PETITIONER INCARCERATED' and the assigned ORI #NY023015J indicates that the processing of the Article 78 petition has begun." Request 2(g) states: "All non-judicial Court employees receive training that safeguards citizens from being denied access to the courts." Request 2(h) states: "All non-judicial Court employees are instructed that only judges are permitted to exercise judgment and make independent determinations on disputed issues raised in litigants papers." Plaintiff argues that the Magistrate's ruling on request 2(c) is clearly erroneous because the "processing of the Article 78 petition" is "self explanatory". He states that request 2(g) is clearly erroneous because "[a]ny reasonably intelligent person with

4

years of legal training knows exactly what information this inquiry seeks" and that request 2(h) is clearly erroneous because the request is "so painfully clear and unambiguous there is no need for elaboration." Pl.'s Objs. at ¶ 3. None of plaintiff's objections persuades this Court that the magistrate judge committed clear error. All three requests are written in broad or undefined terms and subject to interpretation.

Request 2(e) asks defendants to admit to the truth of the statement that it "takes 2 to 3 weeks to receive a court record folder held in archives." Defendants answer that they cannot truthfully respond because "[p]laintiff does not specify a time period which [sic] the request is directed." Magistrate Judge Bloom reasoned that plaintiff's request was deficient because "it does not specify how old the particular record is, who is receiving the record, or the year that the request for the record is being made" and notes that it could well take a different amount of time to retrieve a record in 1980 than in 2009. Order at 3. Plaintiff objects on the ground that the request involved a 1989 case and was made in 2005, and thus "obviously refer [sic] to that specific time period." The State defendants admitted that the letter identified by plaintiff contained the referenced statement, but note that the estimate of "2 to 3 weeks" to retrieve a file was merely one writer's best estimate of what may or may not occur at a particular time, and cannot be used to determine another file's whereabouts or how long it would take to respond to any request made at some other time. Defendants also argue that they should not need to infer plaintiff's intent without a specific assertion in the request. The Court finds that the magistrate judge's ruling was not clearly erroneous and agrees that defendants' response was proper.

### B. Second Request for Admission

Plaintiff further objects to the magistrate judge's decision on request 18 of the second set,

5

which states that "[w]hen the Clerk's office returned plaintiff's [sic] on August 5, 2008, the employee who returned this petition was aware that Inspector General Spatz had intervened in this matter." State defendants answered that they lacked "sufficient knowledge to either truthfully admit or deny the truth of the statement" because defendants "are unaware whether papers were returned to Plaintiff, or who would have done so" and have been unable to obtain such information after a reasonable inquiry. Magistrate Judge Bloom found the answer to be proper because, in order to admit or deny the request, "defendants would have to know which employee of the Clerk's office mailed a particular letter to plaintiff," an unrealistic request given the volume of mail received and sent in the Clerk's office. Order at 4. Plaintiff objects on the ground that "defendants' attorney clearly has the ability to find out 'which employee of the clerk's office mailed a particular letter,'" and argues that it would be "utterly ludicrous" if the state was unable to track and determine the particular employees responsible for processing particular court actions, and potentially a constitutional violation. Pl's Objs. at ¶ 5. The Court disagrees and finds that the magistrate judge's decision is not clearly erroneous. Plaintiff's allegations that defendants "clearly [have] the ability" to determine the particular employee that handled a specific letter are unsupported. The enormous volume of mail in the Clerk's office of a New York court renders it highly unlikely that a particular employee handling a specific item of mail could be easily identified. Plaintiff's allegations that the courts are constitutionally required to institute a tracking system to determine which employee handles particular correspondence are without merit, and the cases cited in plaintiff's objections are inapposite.

Request number 25 states that the "average amount of time it normally takes to send Judiciary Law material to a requester once the court receives the required costs is approximately

a week or two." Like request number 2(e) of the first set, this request fails to identify any specific time period, and defendants similarly responded that they can not truthfully admit or deny absent a specific time frame. Magistrate Judge Bloom agreed, and plaintiff objects, stating that the ruling "accepts the defendants' evasive excuse that 'plaintiff must provide a relevant time period.'" Pl.'s Objs. at ¶ 6. For the same reasons as request number 2(e) of plaintiff's first set, the Court does not find any clear error in the magistrate judge's ruling.

## II. Plaintiff's Motion to Compel and for Sanctions

Plaintiff also objects to the magistrate judge's rulings on plaintiff's Motion to Compel Discovery and Impose Sanctions, brought pursuant to Fed. R. Civ. P. 37. See Docket Entry 38. Plaintiff claims that defendants failed to timely respond to his interrogatories and document requests. Plaintiff served these requests on or about December 15, 2008. See Docket Entry 26. On December 15, 2008, defendants requested an extension of time to respond to plaintiffs discovery requests at a time to be determined at the initial conference on January 14, 2009. Id. That request was granted, and the court set March 16, 2009 as the deadline for the parties to complete all discovery. See Docket Entry 28. Defendants served their responses to plaintiff's interrogatories and document requests on February 20, 2009. See Pl.'s Mot. to Compel, Ex. G. Contrary to plaintiff's arguments, the January 14, 2009 order did not direct defendants to respond to interrogatories and document requests by February 11, 2009. Rather, that order required defendants to respond only to plaintiff's requests for admission by that date. The State defendants complied and served a response on February 11. See Pl.'s Mot. to Compel, Ex. H.

Plaintiff complains of the defendants' general use of the phrase "overly broad, unduly burdensome, and unlikely to lead to admissible evidence" throughout their responses to his

discovery requests, and also specifically restates his request that defendants disclose the identity of certain court employees who may have handled his case and his request for various policy and training manuals. Magistrate Judge Bloom found that plaintiff had not established that the policy and training manuals were relevant to his claims. Plaintiff had not alleged any "custom, policy or practice" that would have led to any alleged constitutional violations. Plaintiff objects, arguing that he has "explicitly showed" how this evidence would assist in preparing his case. Pl.'s Objs. at ¶ 7. This Court disagrees. Plaintiff has merely speculated that the requested manuals may contain some unidentified policy that might demonstrate the existence of a conspiracy or other constitutional deficiency. See Plaintiff's Affidavit in Support of Motion to Compel at ¶ 19 ("[I]f I could demonstrate to a jury with this evidence that the defendants failed to comply with their own operating and training manuals, such a violation would easily support a claim of bad faith denial of access to the court, retaliation and conspiracy.") Rule 26(b)(1) permits discovery of information "reasonably calculated to lead to the discovery of admissible evidence." Given plaintiff's failure to allege or identify any policy that could have violated his constitutional rights, the Magistrate did not commit clear error in ruling that the requests were unlikely to lead to admissible evidence.

Neither did the Magistrate Judge err in refusing to compel defendants to respond to plaintiff's interrogatories requesting the identity of "all Court employees of the Kings County Supreme Court Criminal Term Clerk's Office who were present at, witnessed, or took part, in any way, in the processing" of plaintiff's petitions. The Magistrate's ruling that these requests are too broad do not constitute clear error. Additionally, plaintiff's reliance on Davis v. Kelley, 160 F.3d 917, 921 (2d Cir. 1996) is inapposite. See Pl.'s Objs. at ¶ 8. That case merely provides

that plaintiff receive "an opportunity" to obtain discoverable evidence. Plaintiff was not denied any such opportunity; rather, his motion to compel a response to an overly broad interrogatory request was denied.

In light of the Court's ruling that the defendants provided appropriate and timely responses to plaintiff's discovery requests and did not violate the Court's discovery orders, plaintiff's prayer for an award of "reasonable costs and expenses" pursuant to Fed. R. Civ. P. 37(b)(2)(c) is denied.

### III. Conclusion

Accordingly, plaintiff's appeal of the Order of Magistrate Judge Bloom is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 26, 2010

/S/
Carol Bagley Amon
United States District Judge