UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN WHITFIELD,

            Plaintiff,

-against-

CHIEF CLERK JAMES F. IMPERATRICE,
CHIEF CLERK EDWARD J. VOLPE,
ELLEN NERI, BARBARA ZAHLER-GRINGER,
SHERRILL SPATZ, DONNA JOHNSON,
JAMES RUSSO, JONATHAN DAVID,
JOHN / JANE DOES,

            Defendants.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM &**
**ORDER**
08-CV-3395 (CBA) (LB)

AMON, United States District Judge:

      Before the Court in this pro se section 1983 lawsuit are objections to Magistrate Judge Lois Bloom's September 17, 2010 report and recommendation and order. The report and recommendation recommended that the Court grant the State Defendants' motion for summary judgment and the City Defendants' motion to dismiss for failure to state a claim. It also recommended that the Court deny the plaintiff's motions for summary judgment; to amend his complaint for a second time; and to reopen discovery. In the order, the magistrate judge denied non-dispositive motions of the plaintiff to hold the Kings County District Attorney's Office in contempt and to compel production of certain grand jury minutes from the Kings County District Attorney's Office.

      For the reasons that follow, the Court adopts the conclusions and, except where noted, the analysis of the report and recommendation and denies the challenge to the rulings on the motions relating to the Kings County District Attorney's Office.

1

**BACKGROUND**

A full account of the facts in this litigation is contained in the report and recommendation and will not be repeated in its entirety here. Briefly, John Whitfield, who is currently incarcerated pursuant to a 1989 murder conviction in New York state court, has sued several employees of the New York state courts (the State Defendants) and two employees of the New York City Police Department (NYPD) (the City Defendants) for their actions in connection with his 2008 requests for the case file, sentencing minutes, and criminal records of Richard Doyle, who was convicted of assault and criminal use of a firearm in 1983. Doyle testified against Whitfield at his murder trial, and Whitfield believes that Doyle committed the murder for which Whitfield stands convicted.

Whitfield wanted to use the materials that he requested from the defendants to prove that Doyle perjured himself at Whitfield's trial when he denied that anyone was shot during the assault that led to Doyle's 1983 conviction. Whitfield wanted to prove that Doyle lied to support Whitfield's state collateral attack of his murder conviction, N.Y. C.P.L. § 440.10, which he both initiated and lost after he requested the information from the defendants but before he received the documents that he was seeking. Whitfield now has the documents that he requested, except for the sentencing minutes, which the State Defendants say they cannot find.

**STANDARD OF REVIEW**

Review of those portions of a report and recommendation to which a party has objected is de novo and the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1).

Review of a magistrate judge's rulings on non-dispositive motions is deferential and a ruling will be set aside only if it is clearly erroneous or contrary to law. <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## DISCUSSION

**I. Access to the Courts**

Magistrate Judge Bloom recommended that the Court grant judgment in favor of the defendants on the access claims. With respect to the State Defendants' summary judgment motion, Magistrate Judge Bloom concluded that Whitfield "cannot show that his 440 motion [the underlying lawsuit that the defendants supposedly thwarted] would have been successful had he received the records he requested from the State defendants." (R & R at 20.) This, she explained, is because the state court denied Whitfield's section 440.10 motion on procedural grounds (holding that the arguments should have been raised on direct appeal) and on the merits (holding that "this Court is not convinced that the purported new evidence would have had any impact in favor of the defendant with respect to the jury's verdict"), and neither ruling had anything to do with the fact that Whitfield did not have the documents that he had requested. (<u>Id.</u> at 16–18, 19–20.) Magistrate Judge Bloom rejected the argument that the merits of the state court decision had any bearing on the merits of Whitfield's access claim. (<u>Id.</u> at 17–18.)

With respect to the City Defendants' motion to dismiss, she concluded that the amended complaint, in pleading the access claim, did not describe the underlying lawsuit that the City Defendants supposedly thwarted by refusing to provide Whitfield with the documents he had requested. Instead, it treated the denial of the document requests and the return of the Article 78 petition as themselves denials of access to the courts. Although other parts of the complaint

3

made clear that the section 440.10 motion was the frustrated lawsuit, the failure to plead that fact in the access section of the complaint, she concluded, was fatal to the claim. (Id. at 9–12.)

### A. Summary Judgment

The Court adopts Magistrate Judge Bloom's analysis of the summary judgment motion. As Magistrate Judge Bloom observed, the state court denied Whitfield's section 440.10 motion on procedural grounds and also on the merits. The procedural holding obviously was not the result of the State Defendants' conduct.

The same is true of the merits holding, which was based on documents that Whitfield himself had submitted with his section 440.10 motion. Whitfield had told the state court in his motion that those documents (which had convinced him that Doyle had lied at trial and that he should seek more information from the defendants) were "more than adequate to determine the underlying facts involving Doyle's New York county petit larceny incarceration and his 10/27/1989 Nassau County arrest." (Pl. S.J. Aff. Ex. 6 ¶ 31.)

Moreover, Whitfield specifically argued to the state court that the sentencing minutes that he was seeking from the State Defendants were not significant because the documents Whitfield had included with his motion "provide more than ample official proof that on 1/11/1983 Doyle admitted to shooting someone with a firearm." (Id. ¶ 20.)

In view of the procedural holding and the merits holding, the Court agrees that the State Defendants are entitled to summary judgment. See, e.g., Crawford v. Goord, No. 99 Civ. 967, 2001 U.S. Dist. Lexis 7453, at *14 (S.D.N.Y. June 5, 2001) ("The failure to identify the actual defendants was not fatal to Mr. Crawford's previous lawsuit . . . . Therefore, any conduct that allegedly hindered the plaintiff's ability to specify any defendant by name did not cause actual injury and did not deny the plaintiff access to the courts.").

**B. Motion to Dismiss**

With respect to the City Defendants' motion to dismiss, the Court does not agree that Whitfield's pro se complaint was inadequately pleaded because he did not more clearly tie the access claim to the section 440.10 motion in the section of his amended complaint alleging denial of access to the courts. Liberally construed, the amended complaint—although certainly confused at points—alleged that the defendants denied Whitfield access by interfering with his section 440.10 motion, not simply by denying his document requests and rejecting his Article 78 petition (according to Whitfield, that petition was part of his efforts to win his section 440.10 motion).

Nevertheless, Whitfield's complaint fails to state a claim because Whitfield does not, and cannot, plead and prove that the defendants actually caused him to lose his section 440.10 motion. Such actual harm, tied to the defendants' conduct, is critical to any access claim and Whitfield's inability to plead and prove it is fatal. See Deleon v. Doe, 361 F.3d 93, 94 (2d Cir. 2004) ("In fact, as he clearly knew, the case he claimed had been hindered by the alleged mail delay was dismissed on the merits after a bench trial—not for untimeliness of court submissions."); Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003); Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001); Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997). Magistrate Judge Bloom recognized this point in the part of her report and recommendation in which she denied Whitfield leave to replead or to amend his complaint. (R & R at 15–18.)

**II. Conspiracy**

Magistrate Judge Bloom rejected the access conspiracy claim, explaining that, even if Whitfield had adequately alleged and offered proof of an agreement to deprive him of access to the courts, Whitfield had not alleged, and could not prove, that the defendants committed "an

5

overt act done in furtherance of that goal [i.e. denying access to the courts] causing damages." Hernandez v. Goord, 312 F. Supp. 2d 537, 545–46 (S.D.N.Y. 2004) (emphasis added) (citing Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002)). This is because, as she had explained, the defendants' conduct had nothing to do with the denial of the section 440.10 motion. (R & R at 13–15, 19–20.)

The Court agrees with that analysis and adopts it. Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) ("Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights."); see also Crawford, 2001 U.S. Dist. Lexis 7453, at *27 ("Mr. Crawford cannot demonstrate that these defendants acted in furtherance of a conspiracy resulting in the deprivation of his federal rights or privileges because, as discussed previously, Mr. Crawford has not shown that they violated any of his constitutional rights in the first place.").

**III. Retaliation**

Magistrate Judge Bloom rejected each aspect of the retaliation claim, which she construed as asserted only against the State Defendants, a construction that Whitfield has not challenged. First, with respect to the claim that State Defendant Donna Johnson retaliated by "refusing to send plaintiff copies of the 91 court documents plaintiff purchased . . . on August 18" (Am. Compl. ¶¶ 50–54), she concluded that "there is no evidence that this delay was intentional, malicious, or prompted by plaintiff filing a complaint." (R & R at 22.) Indeed, "Ms. Johnson's letter to plaintiff suggests that she acted to fulfill his record request as a result of his complaint . . . , not that she failed to process the request in retaliation for the complaint." (Id.)

Second, with respect to the claim that Edward Volpe and the John and Jane Doe employees in the Clerk's Office retaliated by returning Whitfield's June 3 order to show cause

and Article 78 petition on August 5, she concluded that there was no evidence that "the defendants with knowledge of [Whitfield's] complaints . . . had any personal involvement in handling his Article 78 petition, or that those who were personally involved in returning his Article 78 petition were aware of plaintiff's complaints." (Id. at 23.)

### A. Delay in Providing Copies

With respect to the first aspect of the retaliation claim, the Court agrees with Magistrate Judge Bloom's analysis and conclusion that no rational juror could find that Johnson retaliated against Whitfield. On about August 14, Johnson wrote Whitfield and informed him that she knew of his record request and his complaint to Sherrill Spatz, Inspector General of the Office of Court Administration. (Pl. S.J. Aff. Ex. 15.) Johnson asked him to send a check for $22.75 to pay for the copies that he wanted. Whitfield sent that check on August 18 (id. Ex. 16) and Johnson sent Whitfield the copies on October 17.

As Magistrate Judge Bloom observed, nothing in the record suggests that Johnson delayed because of Whitfield's complaint. Whitfield appears to concede that document requests of this sort are not, as a general matter, handled quickly. Indeed, according to the section 440.10 motion, that is one reason why, on June 6, he filed his motion before he had received the documents he wanted from the defendants. (Id. Ex. 6 ¶ 15.) So even if Johnson took an unreasonably long time to respond to his requests, there is no evidence that she took an unreasonably long time because of Whitfield's complaints to "high ranking" court officials.

Whitfield contends that Magistrate Judge Bloom, in rejecting his arguments, did not consider the fact that Johnson disclosed the records only after she was served with this section 1983 lawsuit. But even if the production and the section 1983 suit are related, that relationship is not evidence from which a rational juror could infer retaliation for the earlier complaint. It

7

simply suggests that Johnson reprioritized Whitfield's requests once she realized they were the subject of a federal lawsuit.

**B. Article 78 Petition**

With respect to the return of the Article 78 petition, the Court adopts Magistrate Judge Bloom's analysis to the extent that that analysis rejects the claim because Whitfield has not, after conducting sufficient discovery, offered evidence of the identity of the State Defendants who can be liable for participating in the return of his Article 78 petition.

Whitfield has no evidence of the identity of the employee or employees who physically returned his papers. The letter that accompanied Whitfield's returned papers is typed and not signed by any individual employee, which renders it useless in Whitfield's quest to identify the employees who returned his petition. Moreover, in their responses to Whitfield's interrogatories, the State Defendants reported that they were unable, after reasonable inquiry, to determine which employee or employees returned Whitfield's petition. (State Def. Resp. 2d Req. Add. at 6.)

As the State Defendants explained in motion practice over Whitfield's discovery requests, the Clerk's Office "handles hundreds of thousands of documents a year." (State Def. Resp. to Pl. Objs. to M.J. Bloom's Discovery Order ¶ 13.) The State Defendants explained, "Therefore to assert that somehow without a signature on the letter, there would be a way to ascertain who in the clerk's office handled one piece of correspondence is not a reasonable assumption." (Id.)

Whitfield also has no evidence of the employee or employees who might have decided to return his papers and then directed others to effectuate that return. The only evidence that Whitfield was able to secure is evidence that Imperatrice, according to an interrogatory response, forwarded Whitfield's July 15 complaint about his Judiciary Law requests and his Article 78

petition to the "appropriate employees" (whoever they might be) because that was his "general practice." (State Def. Resp. 2d Req. Add. at 2.) Whitfield claims to have evidence that Imperatrice failed to remedy retaliation by his subordinates, but he has not directed the Court to that evidence and the Court cannot find it.

The evidence, viewed in the light most favorable to Whitfield, cannot support the imposition of liability on any of the State Defendants, named or unnamed. Imperatrice cannot be liable for forwarding Whitfield's complaint to "appropriate persons" even if those "appropriate persons" later retaliated against Whitfield. See Sosa v. Lantz, No. 09-CV-869, 2010 WL 3925268, at *5 (D. Conn. Sept. 30, 2010).

Moreover, Whitfield's unsupported allegation that Imperatrice failed to remedy retaliation by his subordinates would not, even if true, support liability. Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001) ("[A] 'failure to remedy' theory of liability is not available with respect to discrete and completed violations such as the destruction of documents here alleged.").

Because there is no evidence linking the other named State Defendants, including Volpe and Johnson, to the return of the petition, they too are entitled to summary judgment. Whitfield has had ample opportunity to identify the individuals responsible for violating his rights and has been unable to do so. That fact distinguishes this case from Jackson, 256 F.3d 93, and Davis v. Kelly, 160 F.3d 917 (2d Cir. 1998), cases in which summary judgment in favor of the named defendants was ruled improper for lack of an opportunity to develop evidence of the identities of the alleged wrongdoers.

With respect to the Doe defendants, Whitfield has not been able to identify them, even after having a reasonable opportunity for discovery, and nothing suggests that further discovery could produce the names of the employees who participated in the return of Whitfield's papers;

9

no employee has any memory of Whitfield's file and no documents that might remedy this failure of memory were ever created. Consequently, Whitfield's claims against the Doe defendants should be dismissed. See Coward v. Town & Village of Harrison, 665 F. Supp. 2d 281, 300–02 (S.D.N.Y. 2009); Keesh v. Artuz, No. 97 Civ. 8417, 2008 WL 3166654, *2 (S.D.N.Y. Aug. 6, 2008); Blake v. Race, 487 F. Supp. 2d 187, 192 n.1 (E.D.N.Y. 2007).

**IV. Other Issues**

**A. Motion to Amend and Leave to Replead**

Whitfield moved to amend the amended complaint, offering a proposed second amended complaint that would add two new theories in support of his access claims and the related conspiracy claims. It would also add the Kings County Supreme Court Chief Court Reporter Pat Verdon as a defendant on the theory that Verdon denied Whitfield access to the courts when she allegedly destroyed the sentencing minutes from Doyle's assault case. Whitfield subsequently asked for leave to replead to add allegations respecting the NYPD's handling of his Freedom of Information Law Requests and to name as a defendant an NYPD investigator who handled aspects of his requests. (ECF 79 ¶ 35.)

The Court denies Whitfield's motion to amend the complaint and denies him leave to replead. As Magistrate Judge Bloom recognized, no amount of amplification or clarification of Whitfield's access claims and related conspiracy claims can alter the fact that he cannot win an access claim or a conspiracy claim that relies on that access claim. This is because, as the Court has said, Whitfield cannot prove that the defendants caused him to lose his section 440.10 motion.

Moreover, Whitfield cannot benefit from adding Verdon as a defendant because even if he could plead and prove that Verdon destroyed sentencing minutes, he could not change the fact

that his access claims are doomed to fail. He cannot benefit from naming another NYPD employee for the same reason.

The substantive problems with Whitfield's claims are irremediable. Leave to replead or amend the complaint is denied. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it."); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

**B. Motion to Reopen Discovery**

Whitfield requests to reopen discovery because, he contends, he cannot oppose the State Defendants' motion for summary judgment with the information that he currently has. He explains that he would use additional discovery to learn the identity and employment history of the Doe defendants who allegedly violated his constitutional rights; evidence that the defendants knew that they were violating office policy when they refused to process his requests for information; and the damages that flow from the loss of his section 440.10 motion. (Pl. R. 56(f) Aff. ¶ 24.)

The Court agrees with Magistrate Judge Bloom that Whitfield is not entitled to reopen discovery because he has not sufficiently explained how permitting additional discovery would help him to oppose the State Defendants' motion for summary judgment. Whitfield's motion is not as clear as it might be, but, so far as the Court can tell, all of the discovery sought relates to Whitfield's access and access-related claims. (Id. ¶¶ 1–23.) The Court has already explained that those claims are doomed. No discovery can help them succeed.

To the extent that some of the discovery might aid Whitfield's retaliation claims, Whitfield has not adequately explained how the discovery will cure the defects that Magistrate Judge Bloom and the Court have identified. Significantly, he has offered no reason to think that

he will be able to identify the employees who handled his Article 78 petition; the State Defendants have satisfied the Court that information that might identify the employees does not exist. Whitfield has had ample opportunity for discovery and to litigate his claims, and his request for yet more discovery is denied. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985) (among other things, party must explain "how those facts [sought in additional discovery] are reasonably expected to create a genuine issue of material fact").

### C. Motions Regarding the District Attorney's Office

Whitfield has sought to hold the District Attorney's Office in contempt for failing to comply with an order to disclose information relating to Doyle's prior convictions. His motion requested a finding of contempt and an order demanding compliance. The District Attorney's Office contends that it fully complied with the order. Whitfield also asks the Court to order the District Attorney's Office to disclose the grand jury testimony related to Doyle's assault conviction. Magistrate Judge Bloom denied these non-dispositive motions as moot.

That denial was not an abuse of discretion. The motion to compel was properly denied because it was aimed at securing information for the access claims, which are without merit and cannot be salvaged. Whitfield says, in his objections, that his contempt motion is not moot because he is entitled to damages. But he has not identified what those damages would be.

### V. State Law Claims

Consistent with Magistrate Judge Bloom's recommendation, the Court declines to exercise jurisdiction of Whitfield's state law claims because it has disposed of each of Whitfield's federal claims. Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

## CONCLUSION

The Court adopts the report and recommendation to the extent that it is consistent with the foregoing discussion, and it affirms the order on the non-dispositive motions.

Accordingly, the State Defendants' motion for summary judgment is granted; the City Defendants' motion to dismiss is granted; Whitfield's motions for summary judgment, to amend his complaint for a second time, to hold the Kings County District Attorney's Office in contempt, to reopen discovery, and to compel production of certain grand jury minutes from the Kings County District Attorney's Office are all denied.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 9, 2011

                                  _____/s/_____
                                    Carol Bagley Amon
                                  United States District Judge